426 P.2d 621

**Arthur NAUMAN, Plaintiff and Appellant,**

**v.**

**HAROLD K. BEECHER & ASSOCIATES, a Utah corporation, and Harold K. Beecher, an Individual, Defendants and Respondents.**

**No. 10609.**

Supreme Court of Utah.

April 20, 1967.

Donn E. Cassity, Eugene H. Davis, Salt Lake City, for appellant.

Ronald C. Barker, A. Ladru Jensen, Salt Lake City, for respondents.

TUCKETT, Justice:

The plaintiff seeks to recover for personal injuries and claims that the defendants were guilty of negligence which was the proximate cause of his injuries. The court below dismissed the plaintiff's second amended complaint and the case is now before this Court solely for the purpose of determining whether or not the plaintiff's complaint states a cause of action.

The defendants had entered into separate and similar contracts with Salt Lake City and Salt Lake County to design, plan and supervise construction of a City-County complex. The plaintiff was employed by the general contractor which had undertaken the construction project. A part of the construction project consisted of digging a deep trench from the site of the new construction to the present City-County Building for the purpose of constructing therein a service tunnel. On or about October 17, 1963, while the plaintiff was working in the bottom of the trench, a side of the trench caved in upon him causing him to suffer permanent and severe bodily injury. The contract entered into between the defendant and the public bodies provided in part as follows:

THE ARCHITECT'S SERVICES. The architect's professional services consist of the necessary conferences, the preparation of schematic and preliminary studies, working drawings, specifications, large scale and full size detail drawings for architectural, structural, plumbing, heating, electrical, and other mechanical work;
* * *
and further:

GENERAL ADMINISTRATION. The Architect shall furnish at his expense a qualified on-site inspector, acceptable to both Owner and Architect, during the entire time the construction work is in progress, whose duties shall consist of checking all shop drawings, for approval of the City Engineer, to determine the quality and acceptance of the material and/or equipment proposed to be used in the facilities being constructed; *to supervise and inspect all phases of the work being done.*

The construction contract entered into between the public bodies and Christiansen Brothers, Inc., a corporation, the general contractor, provided in part as follows:

The Contractor, his Superintendent and Foreman, shall promptly obey and follow every order or direction which shall be given by the Architect and/or the City Engineer or the County Engineer in accordance with the terms of the Contract.

A further provision of the construction contract provided as follows:

*If, in the judgment of the Architect* and/or the City Engineer or County Engineer, it is necessary to close down the work due to inclement weather or *due to other circumstances* arising during the progress of the work, that may be con-

strued *to be dangerous* or that may be caused by non-compliance with the Specifications; the contractor shall comply and he shall stop all operations upon written notice from the Architect * * * and the work *shall remain closed down until further orders in writing are given by said Architect * * ** to the Contractor to proceed with the work of the project.

The general construction contract placed upon the contractor the burden of taking all necessary precautions for the safety of the public and employees on the work and to comply with all applicable provisions of Federal, State and Municipal Safety Laws and Building Codes to prevent accidents or injury to persons on, about or adjacent to the premises where the work is being performed. The contract further provided that the contractor would be responsible for all temporary shoring required for executing and protecting the work.

The plaintiff alleges in his complaint that the excavation for the construction of said underground service tunnel was dangerous and unsafe, causing an extreme hazard to the workmen therein; that said excavation did not comply with the safety regulations of the Utah State Industrial Commission which were then in force and effect; and that said defendants knew said dangerous

condition for many days prior to said accident and negligently failed to shut down the work on said tunnel as they had the duty and authority to do.

The method of construction was a matter solely under the control of the contractor, and the defendant had no right to interfere with the contractor's execution of the work, but the defendant had the right to insist that the work be carried on in a safe manner. We are of the opinion that if the defendant knew or in the exercise of reasonable care should have known that the trench was unsafe either by reason of the contractor's failure to properly shore the walls of the trench or by its failure to slope the sides of the trench in such a manner as to make the excavation a safe place to work, the defendant had the right and the corresponding duty to stop the work until the unsafe condition has been remedied.[1]

We are of the opinion that the plaintiff's complaint states a cause of action against the corporate defendant and as to that defendant the order of the court dismissing the complaint is reversed. Costs to plaintiff. (Emphasis added.)

CROCKETT, C. J., CALLISTER, J., and LEONARD W. ELTON, District Judge.

ELLETT, J., being disqualified, did not participate herein.

1. Erhart v. Hummonds, 232 Ark. 133, 334 S.W.2d 869; Miller v. DeWitt, 59 Ill.App. 2d 38, 208 N.E.2d 249; Paxton v. Alameda County, 119 Cal.App.2d 393, 259 P.2d 934.

**104**

HENRIOD, Justice:

I concur in the conclusion that the complaint stated a cause of action. However, I cannot subscribe to the language of the next to last paragraph of the main opinion, for two reasons: (1) In essence, it says that the defendant had no right to interfere with the contractor, and then says that defendant did; (2) the paragraph practically decides the merits of this case by a gratuitous "if" statement. This case is here only to determine one thing: Whether the complaint stated a cause of action,—that's all, without any hypothetics.